IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR 309-009
)
NATHAN SMITH )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the government has accused Defendant Nathan Smith of one count of Bank Robbery, in violation of 18 U.S.C. § 2113, and one count of Interstate Transportation of Stolen Motor Vehicle, in violation of 18 U.S.C. § 2313. (Doc. no. 27). The matter is now before the Court on Defendant's motion to "suppress all evidence obtained as a result of a purported search incident to a lawful arrest that took place on March 3, 2009, as well as any statements that may have been made following his arrest." (Doc. no. 20, p. 1). The Court scheduled an evidentiary hearing on the matter for July 9, 2009. (Doc. no. 26). The Court heard testimony from Sergeant Sidney Harrison ("Sgt. Harrison"), the Laurens County Sheriff's Department deputy who effected the traffic stop on Interstate 16 that led to the challenged search. The Court also heard testimony from Special Agent Marcus Kirkland ("SA Kirkland") from the Federal Bureau of Investigation who determined on March 3, 2009, that the van in which Defendant had been stopped by Sgt. Harrison was reported stolen out of Jacksonville, Florida on February 10, 2009.

The Court starts and ends its analysis of the motion to suppress with the issue of whether Defendant has "standing" to challenge the March 3, 2009 search of the van in which

he was stopped by Sgt. Harrison.[1] At the start of the July 9th hearing, the government argued that because the contested search was performed on a van that Defendant had stolen, he had no protected Fourth Amendment privacy rights upon which to base his motion to suppress, *i.e.*, Defendant had no "standing" to challenge the search. Because no record had yet been established concerning Defendant's connection to the van, the Court proceeded with the hearing. However, once the government established through the testimony of SA Kirkland that the van in which Defendant was stopped had been stolen,[2] the Court stopped the hearing and informed defense counsel that in order to proceed with the hearing, his client must establish that, under the totality of the circumstances, he had a legitimate expectation of privacy in the van. After taking a recess to allow defense counsel to confer with his client, the Court was informed that Defendant had decided not to go forward with the hearing. Thus, the Court's analysis herein focuses on whether Defendant had a protected Fourth Amendment privacy right upon which to base his motion to suppress. As explained below, the Court finds that he did not.

---

[1] The Court uses the government's terminology of "standing" but notes the Supreme Court's admonition, "But we think the better analysis forthrightly focuses on the extent of a particular defendant's rights under the Fourth Amendment, rather than on any theoretically separate, but invariably intertwined concept of standing." Rakas v. Illinois, 439 U.S. 128, 139 (1978).

[2] SA Kirkland testified that when he ran the tag on the back of the van through NCIC/GCIC, the information returned did not match the van. However, when he ran the vehicle identification number etched on the front window of the van, information matching the van came up, along with the information that the van had been reported stolen out of Jacksonville on February 10, 2009. SA Kirkland followed up on that report with the General Manager of the car dealership that reported the van stolen and confirmed that the General Manager did not know Defendant by name or facial recognition (SA Kirkland provided a picture of Defendant) and that Defendant did not have permission to take the van.

As the Supreme Court has clarified, the relevant inquiry involves a two-part analysis: first, "a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and [second,] that his expectation is reasonable," that is, recognized and permitted by society. Minnesota v. Carter, 525 U.S. 83, 88 (1998); see also Minnesota v. Olson, 495 U.S. 91, 95-96 (1990) (contesting the legality of a search under the Fourth Amendment requires a defendant to demonstrate a legitimate expectation of privacy in the place or item searched by showing a subjective expectation of privacy which society is prepared to recognize as legitimate). Defendant has the burden of establishing that, under the totality of the circumstances, the contested search violated his legitimate expectation of privacy in a particular place. Rawlings v. Kentucky, 448 U.S. 98, 104 (1980); United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998).

Here, Defendant has not met his burden. The uncontroverted evidence of record is that the van in which Defendant was traveling when Sgt. Harrison stopped him on March 3, 2009, on Interstate 16 was reported stolen out of Jacksonville, Florida on February 10, 2009. The vehicle identification number of the van came up in NCIC/GCIC as stolen. Furthermore, when contacted by SA Kirkland, the General Manager of the car dealership that had reported the van stolen confirmed that he did know Defendant by name or facial recognition and that Defendant did not have permission to be in possession of the van. When given the opportunity to provide evidence as to his privacy interest in the van, Defendant declined to do so.[3]

---

[3]Notably, Defendant's affidavit submitted in support of his motion to suppress made no mention of any privacy interest in the van. (Doc. no. 20, Ex. B). Rather, he simply referenced "the automobile (that/in which) I had been driving." (Id. ¶¶ 6-8).

As the Supreme Court has explained, "A burglar plying his trade in a summer cabin during the off season may have a thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes as 'legitimate.'" Rakas, 439 U.S. at 143 n.12. The burglar's presence is wrongful, and his expectation of privacy is not one that is legitimately recognized as reasonable. Id. Defendant may have not anticipated getting caught in the stolen van, but the evidence of record establishes that when Sgt. Harrison stopped Defendant on Interstate 16, Defendant's presence in the van was "wrongful." In a nutshell, Defendant has not established that he had a legitimate, protected privacy interest in the stolen van. Thus, Defendant has not established a right to challenge the March 3, 2009 search of the van in which he was stopped.[4]

---

[4]Although Defendant's motion also requested suppression of "any statements that may have been made following his arrest," (doc. no. 20, p. 1), his memorandum in support of his motion does not mention any statements, let alone provide argument as to why any statements made might be subject to suppression. Moreover, the government's response to Defendant's motion explains:

> The government does not seek to introduce any of Defendant's statements beyond what was stated at the scene as seen in the police video [of the traffic stop]. The only statement made by the Defendant during subsequent police questioning at the police station related to the case were words to the effect of "See you at the trial[,]" which the government has no intent to introduce during the government's case-in-chief.

(Doc. no. 25, p. 7 n.8). As Defendant did not mention the issue of statements following his arrest at the July 9, 2009 hearing or otherwise address the government's response, the Court deems the issue to have been abandoned.

4

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to suppress be **DENIED**. (Doc. no. 20).

SO REPORTED and RECOMMENDED this 3rd day of July, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE