IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 309-009 |
| | ) | |
| NATHAN SMITH | ) | |

**ORDER**

Defendant Nathan Smith is charged in the above-captioned case with one count of Bank Robbery, in violation of 18 U.S.C. § 2113, and one count of Interstate Transportation of [a] Stolen Motor Vehicle, in violation of 18 U.S.C. § 2313. The case is currently set for jury selection on September 14, 2009. Defendant is proceeding *pro se*, with Matthew L. Waters serving as stand-by counsel.[1]

The matter is now before the Court because Defendant wrote a letter to Judge Barfield, which arrived at the Clerk's Office less than one week prior to the scheduled start of jury selection, "for the purpose of making it known to the Court" that he is "incarcerated, indigent, and totally without outside support." (Ex. A, attached hereto). According to Defendant, in light of these circumstances and his *pro se* status, he must "rely on the Court

---

[1]Defendant chose to proceed *pro se* after a lengthy hearing before the Honorable W. Leon Barfield, United States Magistrate Judge, in which he was repeatedly informed of the dangers of proceeding *pro se*. (Doc. no. 46). The decision to accept Defendant's waiver of counsel was memorialized in Judge Barfield's sealed Order dated September 1, 2009. (Doc. no. 47).

for all the necessary provisions, i.e. clothing for trial, legal pads for notekeeping, current excessive postal demands, ect. [sic], necessary for trial." (Id.). Thus, he requests that he be notified how the Court will "remedy this situation." (Id.).

Putting aside the erroneous presumption that the Court must provide to Defendant the resources that he voluntarily chose to waive when he decided to proceed without his court-appointed counsel, requests for action must be in a properly filed motion. In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) ("[I]f a litigant seeks judicial action of any sort . . . it must be contained within a *motion*. . . . It cannot be requested in a personal *letter* to a judge.")[2]; see also Fed. R. Crim. P. 47 ("A party applying to the court for an order must do so by motion."). Thus, Defendant's personal letter to Judge Barfield, or to any other Judge of this Court, cannot serve as the proper basis of a request for action. Should Defendant have a request for action, he must prepare a motion and deliver that motion to Mr. Waters for filing with the Clerk of Court in accordance with the e-filing rules of the Southern District of Georgia.[3]

SO ORDERED this 10th day of September, 2009, at Augusta, Georgia.

_____
J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[2] Although this admonition was set forth by the Honorable B. Avant Edenfield, United States District Judge, in the context of a civil matter, the principle has been applied likewise in criminal cases in this District. United States v. Brown, No. CR 408-007, 2009 WL 1219963, at *1 n.1 (S.D. Ga. May 4, 2009).

[3] Judge Barfield explained this procedure for filing motions in his September 1, 2009 Order. (Doc. no. 47, p. 9).

2

August 31, 2009

RE: United States v. Nathan Smith
Crim. Case No. CR 309 09

Dear Judge Barfield:

This correspondence is solely for the purpose of making it known to the court that I, the defendant in the aforementioned case, and sole counsel for the defense, am currently incarcerated, indigent, and totally without outside support. This forces the defense to seek from and rely on the court for all the nessesary provisions - i.e. clothing for trial, legal pads for notekeeping, current excessive postal demands, ect., nessesary for trial.

Please notify me here at the jail, and if need be your court-appointed assistant counsel Mr. Matthew Waters, of the courts procedure to remedy this situation.

Truly yours,

Nathan Smith

Nathan Smith #726
Irwin Co. Det. Center

C: Clerk
Matthew Waters
File

Exhibit A