IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 309-09 |
| | * | |
| NATHAN SMITH | * | |

## ORDER

Defendant Nathan Smith is scheduled to go on trial September 23, 2009, at 9:00 a.m. He is charged with committing Bank Robbery, in violation of 18 U.S.C. § 2113(a), and Interstate Transportation of a Stolen Motor Vehicle, in violation of 18 U.S.C. § 2313.

On May 22, 2009, the Government, pursuant to Local Rule 16.2, filed a Notice of Intent to Introduce Evidence of an August 20, 2007 bank robbery that the Government alleges was committed by Defendant Nathan Smith. (Doc. no. 17.) Several months later, on September 3, 2009, the Government filed a second notice in which it expressed its intent to introduce evidence of Defendant's prior arrest for Grand Theft-Motor Vehicle on April 22, 2008. (Doc. no. 51.) In both of its notices, the Government argues that evidence of these prior acts is admissible in the instant case under Federal Rule of Evidence 404(b) for the purposes

of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

On August 27, 2009, Defendant filed a Motion in Limine to exclude evidence of the alleged August 20, 2007 bank robbery. (Doc. no. 45.) Several weeks later, on September 9, 2009, this Court conducted a pre-trial conference at which Defendant also objected to the admissibility of any evidence concerning his April 22, 2008 arrest.

The deadline for filing any further briefs having passed, the Court now enters its findings as to both issues by this written order.

## 404(b) Admissibility Standard

For prior bad acts evidence to be admissible under Rule 404(b), "(1)[T]he evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that the factfinder could find that the defendant committed the extrinsic act; and (3) the evidence must possess probative value that is not substantially outweighed by undue prejudice." United States v. Perez, 443 F.3d 772, 779 (11th Cir. 2006).

## Discussion

**I. August 20, 2007 Bank Robbery**

According to the Government, on August 20, 2007, Defendant entered a PNC Bank branch in Washington D.C. at 1:05 p.m. and approached a bank teller with a note that

2

read, "Put $10,000.00 in a bag or I will start shooting." The Defendant was allegedly handed $7,400.00 and fled on foot. Defendant was acquitted of committing the 2007 robbery in the United States District Court for the District of Columbia.

The Government argues that evidence of the 2007 bank robbery is admissible to show identity. The Government cites the following similarities between the 2007 and 2009 bank robberies in support of its argument: (1) The robbery was committed by a sole unmasked robber at a bank branch; (2) both robberies were committed during the bank's business hours; (3) in both cases, the robber made a request for a specific amount of money using a handwritten note which intimated that the bank robber had a gun on his person; and (4) in both cases, no gun was ever recovered or observed.

"The standard for evaluating 404(b) evidence offered to establish identity is particularly stringent." United States v. Lail, 846 F.2d 1299, 1301 (11th Cir. 1988). "Such evidence is admissible if the two offenses possess a common feature or features that make it *very likely* the offenses were perpetrated by the same person, or possess a number of common features of lesser uniqueness which, when considered together, are *significantly probative*." United

3

States v. Solomon, 490 F. Supp. 373, 375 (S.D. Ga. 1980) (emphasis added). In other words, "The physical similarity must be such that it marks the handiwork of the accused." Lail, 490 F.2d at 1301 (quoting United States v. Beechum, 582 F.2d 898, 912 n.5 (5th Cir. 1978)).

Here, the Government has failed to identify any similarities between the August 20, 2007 and the March 3, 2009 bank robberies, which could be said to "mark[] the handiwork of the accused." Lail, 490 F.2d at 1301. All similarities identified by the Government are a common component to many bank robberies. As was held in United States v. Myers, 550 F.2d 1036, 1046 (5th Cir. 1977), generic similarities which are a "common component" to many bank robberies may fail to provide the necessary distinction to support admission of a prior bank robbery. Simply put, an unarmed robbery committed during a bank's business hours by a man with a note which intimates the presence of a gun is not a particularly distinctive crime.

The Myers court stated, "the presence of . . . marked dissimilarit[ies] [between two crimes] . . . further undermines the force of the inference of identity." Id. Here, the two robberies took place hundreds of miles apart in two completely different settings. The August 20, 2007 bank robbery took place in the urban setting of Washington

4

D.C. while the bank robbery at issue in this case took place in rural Dublin, Georgia. Furthermore, in the earlier bank robbery, the individual fled on foot, while in this case the Defendant is alleged to have left the bank in a car. Finally, the two robberies took place approximately a year and a half apart.

The nature of the similarities noted by the Government, taken either individually or in conjunction, combined with the marked dissimilarities between the two robberies, lead this Court to find that the probative value is such that it is substantially outweighed by the danger of undue prejudice. Therefore, any and all evidence of the August 20, 2007 bank robbery shall be prohibited at trial.

**II. April 22, 2008 Arrest for Grand Theft-Motor Vehicle**

On April 22, 2008, Jacksonville police witnessed the Defendant driving a vehicle with a stolen license plate. Defendant was stopped, at which time police discovered he was driving a stolen motor vehicle. Defendant was arrested and booked into jail; he was later convicted of Grand Theft-Motor Vehicle and sentenced to 144 days of confinement.

The Government contends that evidence of Defendant's prior arrest in Jacksonville, Florida is admissible for the

purpose of proving opportunity, knowledge, and intent, regarding the charge of Interstate Transportation of a Stolen Vehicle. The Government asserts that Defendant is likely to claim he did not know he was driving a stolen vehicle and thereby lacked the intent to drive a stolen vehicle. In addition, the Government claims that Defendant's prior arrest in Jacksonville, Florida establishes that the Defendant was, at one point, present or residing in Jacksonville, demonstrating he had the opportunity to commit the car theft and the actual transportation of the vehicle across state lines.

While the Court recognizes that this evidence is being presented for a proper purpose and the conviction satisfies the proof requirement, the Court finds that the probative value is once again substantially outweighed by the danger of undue prejudice. The weighing of any potential prejudice against the probative value of 404(b) evidence, "calls for a 'common sense assessment of all the circumstances surrounding the extrinsic offense,' including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." United States v. Calderon, 127 F.3d 1314, 1332 (11th Cir. 1997) (quoting United States v. Beechum, 582 F.2d 898, 914-15 (5th Cir. 1978)).

While the April 22, 2008 arrest bears some resemblance to the charged offense and was somewhat close in time, the Court finds that a general lack of prosecutorial need and the inherent risk of undue prejudice favor the exclusion of any evidence of the prior arrest or conviction. The court of appeals has held, "[I]f the government can do without [the 404(b) evidence], fairness dictates that it should; but if the evidence is essential to obtain a conviction, it may come in." United States v. Pollock, 926 F.2d 1044, 1049 (11th Cir. 1991).

In this case, one could hardly say the evidence is *essential* to obtain a conviction. The Defendant was pulled over while driving the exact vehicle he is accused of transporting across state lines. After being pulled over, the Defendant was unable to provide any identification and reportedly stated he was a homeless resident of Jacksonville, Florida, the city from which the car was allegedly stolen. Furthermore, the Government alleges there is evidence to show he used the vehicle, at least in part, to carry out a robbery.

In light of these facts, among others, the Court finds insufficient prosecutorial need to support the admission of evidence related to the April 22, 2008 arrest. This lack of need, combined with the undue prejudice against the

Defendant that would likely arise from the admission of the evidence—as to *both* charges against him—supports the prohibition of any and all evidence of the April 22, 2008 arrest.

Therefore, it is hereby **ORDERED** that all evidence related to Defendant Nathan Smith's August 20, 2007 and April 22, 2008 arrests is **PROHIBITED** from being presented at trial.

**ORDER ENTERED** at Augusta, Georgia this 22rd day of September, 2009.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE