IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| NATHAN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-030 |
| | ) | (Formerly CR 309-009) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, an inmate at United States Penitentiary Hazzleton in Bruceton Mills, West Virginia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Clerk of Court **SHALL SERVE** the United States Attorney with this Order and a copy of the § 2255 motion.

The Court **DIRECTS** Respondent to file an answer or response within sixty days of the date of this Order, and Petitioner shall furnish the United States Attorney in Augusta, Georgia, with copies of all future motions or papers filed in this case. No discovery shall be had by either party without leave of Court.

**I.    MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner also filed a motion for appointment of counsel. There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438

(11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[1]; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 145 (2015 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, as evidenced by his detailed § 2255 motion and fifty-four pages of indexed exhibits, and as described below, his request for an evidentiary hearing is premature. Moreover, Petitioner bases his request on the assumption that he will win his § 2255 motion and therefore need to be resentenced. As there has yet to be a response from the government, any concerns about needing appointed counsel "to facilitate resentencing" are premature. Therefore, the Court **DENIES** the motion for appointment of counsel. (Doc. no. 2-1.)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

## II.    MOTION FOR EVIDENTIARY HEARING

Petitioner requests a hearing so as to "prove the authenticity and facts behind" his fifty-four pages of exhibits attached to his § 2255 motion. (Doc. no. 2, p. 3.) According to Rule 8(a) of the Rules Governing Section 2255 Cases in the United States District Courts, the Court must review the answer and other materials of record to determine whether a hearing is warranted. As the government has not yet had an opportunity to respond to Petitioner's § 2255 motion, the Court cannot yet make a determination as to whether a hearing is warranted. Accordingly, the Court **DENIES** without prejudice the motion for an evidentiary hearing. (Doc. no. 2-2.)

## III.    MOTION FOR SENTENCING TRANSCRIPTS

Lastly, Petitioner requests that he be provided a copy of his sentencing transcript because it "will aid Petitioner, the Court, the U.S. Probation Office, and the BOP in Correcting the Errors in the Presentence Report." (Doc. no. 2, p. 5.) There is no absolute constitutional right to a free copy of a transcript or other court record for use in a collateral proceeding. Rather, the indigent petitioner must show the transcript or record is necessary to resolve a pending issue in a non-frivolous collateral proceeding. Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992); see also Jefferies v. Wainwright, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."); 28 U.S.C. § 753(f).

Petitioner provides no specifics on how the sentencing transcript will be an aid, particularly when he has already identified the state conviction he asserts has been vacated and thus can no longer be used to categorize him as a career offender under the federal

sentencing guidelines.  He has also identified and provided the specific paragraphs in the PSI in which the challenged conviction was discussed and his status as a career offender was used to calculate his sentencing range.  Thus, the basis for Petitioner's claim is clear from the record, and Petitioner has not established he needs a free copy of the sentencing transcript to resolve his pending claim.  Accordingly, the Court **DENIES** his motion.  (Doc. no. 2-3.)

Of course, because the sentencing transcript is already a part of the underlying criminal record in this case, Petitioner can obtain a copy of the thirty-seven page document by paying the standard cost of fifty cents per page to the Clerk of Court.  See United States v. Smith, CR 309-009, doc. no. 117 (S.D. Ga. Apr. 2, 2010).

SO ORDERED this 16th day of May, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA