FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 MAR 12 PM 3:26
CLERK J Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 309-009 |
| | * | |
| NATHAN SMITH | * | |

O R D E R

On November 6, 2018, the Court revoked the term of supervised release Defendant Nathan Smith had been serving. Defendant was found to have committed eleven violations of the mandatory and special conditions of release. Defendant was sentenced to serve 10 months for Violation One (the unlawful use of a controlled substance) and 10 months for Violation Two (committing another crime), to be served consecutively. (See Judgment & Commitment Order of Nov. 13, 2018, Doc. 228.) Defendant appealed this conviction, but the Eleventh Circuit Court of Appeals recently dismissed the appeal for failure to prosecute. (Doc. 234.)

At present, Defendant moves this Court to correct or reduce his sentence. Defendant contends that there is new evidence establishing that he did not commit the crime of criminal trespass, which is the basis of Violation Two. Defendant "strongly maintains that every subsequent violation was fallout from the false charge." (Def.'s Mot., Doc. 237, at 1.) Defendant attaches a state court

order of *Nolle Prosequi* with respect to the March 25, 2018 charge of criminal trespass in Glynn County, Georgia. More specifically, after Defendant was sentenced in this Court, the prosecution presented the *Nolle Prosequi* order to the state court in the interest of "Judicial Economy" since "Defendant is serving a FEDERAL prison term in the State of KENTUCKY and will not be released FOR TWO YEARS." (Id., Ex. 1 (emphasis in original).) Defendant asks the Court to resentence him in light of this "new evidence." (Id. at 2.)

In support of his motion, Defendant cites Federal Rule of Criminal Procedure 35. With only three exceptions, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c); see United States v. Frazier, 517 F. App'x 758, 759 (11th Cir. 2013) ("Outside of § 3582, district courts do not possess inherent authority to modify a sentence." (cited source omitted)). One of the exceptions references Rule 35. Rule 35 allows modification upon an order from an appellate court, upon a motion from the Government, or to correct an error in sentencing. Here, there has not been an order from the appellate court or a motion from the Government. Moreover, Rule 35(a) only allows a court to correct a *sentence* that "resulted from arithmetical, technical, or other clear error" within *fourteen* days after sentencing.

Defendant filed this motion on March 4, 2019, more than fourteen days after he was sentenced. Rule 35(a)'s time limit is jurisdictional. United States v. Phillips, 597 F.3d 1190, 1196

2

(11th Cir. 2010). Thus, this Court does not have authority to provide the relief requested. Moreover, Rule 35 is limited to challenges to the legality of the *sentence itself* and does not apply to challenges to the validity of the underlying conviction. United States v. Gatatolo, 361 F. App'x 29, 29 (11th Cir. 2010). "Illegal sentences include punishment that is in excess of that prescribed by the relevant statutes, multiple terms of imprisonment imposed for the same offense, or where terms of the sentences are legally or constitutionally invalid." Id. (cited source omitted). Here, Defendant's "new evidence" challenges the validity of his conviction for violating a mandatory condition of supervised release, i.e., refraining from committing another crime. Rule 35(a) is not the proper vehicle for such a challenge. Rather, a collateral attack on a conviction must be brought under 28 U.S.C. § 2255.

Upon the foregoing, Defendant's motion to correct his sentence under Rule 35(a) (doc. 237) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of March, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA