IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| NATHAN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 319-024 |
| | ) | (Formerly CR 309-009) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the United States Penitentiary in Inez, Kentucky, has filed with this Court an amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.     BACKGROUND**

**A.  Commencement of Supervised Release Term**

Following completion of his term of imprisonment for bank robbery and interstate transportation of a stolen motor vehicle, Petitioner began serving a three-year supervised release term on March 9, 2017. CR 309-009, doc. nos. 187, 188. On March 17, 2017, the United States Probation Office petitioned for modification of the supervised release terms because Petitioner tested positive for marihuana. Id., doc. no. 187. On that same day, the Court granted the request and required Petitioner to participate in a program of treatment for

drug and alcohol abuse.  <u>Id.</u>, doc. no. 188.  Petitioner did not object to the modification.  <u>Id.</u>  On May 9, 2018, the United States Probation Office again petitioned for modification, alleging: (1) a March 25, 2018, incident where Petitioner was arrested and charged with criminal trespass for refusing to leave a gas station; and (2) an April 25, 2018, incident where the probation officer was unable to locate Petitioner at his residence during a curfew check.  <u>Id.</u>, doc. no. 189.  Petitioner objected to the modification and requested a hearing.  <u>Id.</u> at 1.  The Court held the modification hearing on June 29, 2018 and heard testimony from Officer Kimberly McCartney of the Brunswick Police Department, United States Probation Officer Tim Williams, and Petitioner.  <u>Id.</u>, doc. no. 243, pp. 11-27, 29-36.

Officer McCartney testified she arrested Petitioner for criminal trespass on March 25, 2018 because he was intoxicated and refused to leave the gas station.  <u>Id.</u> at 12-14.  Petitioner maintained he was not intoxicated and refused to leave the gas station because he was shortchanged by the cashier.  <u>Id.</u> at 17.  Officer Tim Williams testified he and his partner attempted to contact Petitioner at his residence on April 25, 2019, for purposes of conducting a curfew check.  <u>Id.</u> at 20-21.  Petitioner was not home and told Officer Williams he was working and would be home shortly.  <u>Id.</u> at 21.  The Court found Petitioner violated the conditions of his supervised release and modified his supervised release to include ninety days of location monitoring and a prohibition against the use of alcohol.  <u>Id.</u>, doc. no. 243, pp. 39-40; doc. no. 198.  Petitioner did not appeal the modification.

### B. Supervised Release Revocation

On August 20, 2018, the United States Probation Office submitted a petition for revocation of supervised release alleging the following eleven violations:  (1) testing positive for marijuana on March 15, 2017; (2) engaging in criminal trespass on March 25, 2018; (3)

2

failing to comply with curfew on March 25, 2018; (4) failing to comply with curfew on April 25, 2018; (5) speeding with a suspended registration and no insurance on July 24, 2018, after having consumed alcohol; (6) failing to comply with curfew on August 6, 2018; (7) testing positive for cocaine on August 7, 2018; (8) testing positive for cocaine on August 15, 2018; (9) consuming alcohol on August 6, 2018; (10) failing to comply with curfew on August 16, 2018; and (11) consuming alcohol on or about August 16, 2018. Id., doc. no. 199. At the revocation hearing on November 6, 2018, the Court noted it previously found Petitioner committed the first four violations at the June 29th modification hearing. Id., doc. no. 247, p. 4. The Court then instructed Petitioner he could either admit violations five through eleven or deny them and have an evidentiary hearing. Id. at 6. Petitioner admitted violations five through eleven and waived the right to an evidentiary hearing. Id. at 7.

The probation office prepared a written report determining the range of imprisonment under the Sentencing Guidelines to be seven to thirteen months for violation one and seven to thirteen months for violation two. Id. at 11. Based upon Petitioner's stipulation to violations five through eleven and the Court's previous finding Petitioner violated violations one through four, the Court revoked Petitioner's supervised release. Id. at 21. The Court adopted the recommended guideline calculations and heard arguments from Petitioner and the government on an appropriate sentence. Id. at 11-21. The Court sentenced Petitioner to ten months imprisonment on each count, running consecutively, for a total of twenty months imprisonment, with no supervision to follow. Id. at 21.

### C. Appeal

On November 16, 2018, Petitioner timely filed a notice of appeal of the November 6, 2018 revocation sentence, which the Eleventh Circuit Court of Appeals dismissed on January

2, 2019 for want of prosecution. Id., doc. nos. 229, 234. On March 4, 2019, Petitioner filed a motion to reduce or correct his sentence, arguing there was new evidence establishing he did not commit the crime of criminal trespass, which is the basis for violation two. Id., doc. no. 237. Petitioner attached a state court order of *Nolle Prosequi* ("*nolle pros*") with respect to the March 25, 2018 charge of criminal trespass in Glynn County, Georgia. Id. The *nolle pros* order, dated February 4, 2019, cites the interest of judicial economy and explains "[Petitioner] is serving a FEDERAL prison term in the State of KENTUCKY and will not be released FOR TWO YEARS." Id. (emphasis in original). In his original § 2255 petition, Petitioner asked the Court to resentence him in light of this "new evidence." Id. at 2. The Court denied Petitioner's motion, explaining Rule 35 was not the proper method for this challenge, and Petitioner should file a § 2255 petition if he wished to proceed. Id., doc. no. 238, p. 2.

### D.  § 2255 Motion

Petitioner timely filed the § 2255 motion on March 22, 2019, and an amended motion on April 9, 2019, challenging the ten-month revocation sentence based upon the *nolle pros* order. (Doc. no. 3.) The government filed its response on June 19, 2019, arguing Petitioner's claim is procedurally barred in light of his failure to file a direct appeal, and the Court did not commit error in determining he violated the conditions of supervised release. (Doc. no. 7.) The Court agrees.

## II. DISCUSSION

### A.  Petitioner's Claim is Procedurally Barred

A prisoner seeking collateral relief must clear "a significantly higher hurdle than would exist on direct appeal." Brown v. United States, 720 F.3d 1316, 1333 (11th Cir. 2013)

(quoting United States v. Frady, 456 U.S. 152, 166 (1982)). "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted).

Petitioner could have appealed the Court's determination he violated his supervised release conditions by committing the offense of criminal trespass on March 25, 2018. Petitioner points out the *nolle pros* entry occurred approximately two months after the deadline for his direct appeal. (Doc. no. 3, p. 9.) However, "[i]n procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004). Whether the Court properly concluded Petitioner violated his supervised release conditions by committing the trespass offense was a decision reviewable on the merits without further factual development. Mills, 36 F.3d at 1055. The *nolle pros* entry is, at most, additional evidence that might have made the argument on appeal easier or better. In reality, however, the *nolle pros* entry is entirely irrelevant to Petitioner's guilt or innocence because its plain language cites judicial economy as the sole basis for the entry. (Doc. no. 3, p. 13.) The claim of error was obviously available to Petitioner at the time his direct appeal was due to be filed, and Petitioner procedurally defaulted his claim by failing to file a direct appeal.

Failure to raise a claim on direct appeal constitutes a default and to overcome a procedural bar, Petitioner must show both (1) cause excusing his procedural default, and (2) actual prejudice resulting from the errors of which he complains. Brown, 720 F.3d at 1333 (citation omitted). "Cause" requires a showing of some external impediment that prevented a claim from previously being raised. See Weeks v. Jones, 52 F.3d 1559, 1561 (11th Cir. 1995) (citing McCleskey v. Zant, 499 U.S. 467, 497 (1991)). To demonstrate prejudice, Petitioner "must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." Frady, 456 U.S. at 170.

> In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."

Montano, 398 F.3d at 1280 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). Actual innocence "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." McQuiggin v. Perkins, 133 S.Ct. 1924, 1933 (2013) (internal quotations omitted) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see also McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).

Petitioner has not demonstrated cause and prejudice. Petitioner offers no reason for his failure to file a direct appeal. There is no prejudice because the Court found Petitioner committed eleven violations of his supervised release conditions, and only one violation

related to the criminal trespass on March 25, 2018.  CR 309-009, doc. no. 247.  Indeed, Petitioner stipulated to violations five through eleven and the Court found Petitioner violated violations one through four.  Id. at 4, 7.  Even if the Court were to disregard the criminal trespass violation, there remained ten other violations, each of which serves as an independent and adequate basis for revocation.  See United States v. Deloatch, 649 F. App'x 857, 859 (11th Cir. 2016) (upholding defendant's revocation sentence despite finding his theft by deception violation was unsupported by sufficient evidence because the district court also found defendant committed three other violations).

With respect to prejudice and the actual innocence exception, Petitioner has not presented any evidence, much less new evidence, to suggest he did not commit the offense of criminal trespass such that no reasonable jurist could find he committed the offense by a preponderance of the evidence.  McQuiggin, 133 S.Ct. at 1933.  Petitioner only offers the *nolle pros* order, which as previously explained does not touch on the issue of guilt or innocence.  Accordingly, Petitioner has failed to overcome the procedural bar.

> **B.    Even If Petitioner's Claim Was Not Procedurally Barred, the Court Did Not Commit Error in Determining He Violated the Conditions of Supervised Release**

Even if Petitioner's claim was not procedurally barred, his assertion his sentence should be reduced or corrected in light of the state prosecutor's *nolle pros* entry is without merit.  Petitioner contends the state prosecutor's *nolle pros* entry establishes he did not commit the crime of criminal trespass, which is the basis for violation two.  (Doc. no. 3, p. 4.)  For the reasons stated below, Petitioner's argument lacks merit and he is not entitled to the relief he seeks.

7

"[A]n explicit condition of supervised release[] [is] that the defendant not commit another Federal, State, or local crime during the term of supervision." 18 U.S.C. § 3583(d). Where a defendant does violate an explicit condition of supervised release, a district court may "revoke [the] term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release. . . ." Id. at (e)(3); United States v. Trainor, 376 F.3d 1325 (11th Cir. 2004) ("The term 'preponderance of the evidence' . . . requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence.")  Although the violative conduct may lead to imprisonment, the conduct need not be criminal or found by a jury beyond a reasonable doubt. Johnson v. United States, 529 U.S. 694, 700 (2000). A violation of a mandatory condition may be the basis of a supervised release revocation "whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct." U.S.S.G. § 7B1.1 cmt. n.1; see United States v. Knight, 655 Fed. App'x 752, 755 (11th Cir. 2016) (finding district court free to consider defendant's marijuana allegations for supervised release revocation despite no separate prosecution).

Here, the Court heard testimony at the June 29, 2018 revocation hearing from Officer Kimberly McCartney and Petitioner. CR 309-009, doc. no. 243. Officer McCartney testified Petitioner had been loitering and standing in front of the gas station for more than an hour while visibly intoxicated and refused to leave despite multiple orders to do so. Id. at 13. When Petitioner was finally convinced to leave, an officer transported Petitioner back to his hotel room. Id. However, Petitioner immediately returned to the gas station and was again instructed to leave or he would be arrested. Id. He responded, "do what you have to do," and was arrested for criminal trespass. Id. The evidence was sufficient for the Court to find

8

Petitioner committed the offense of criminal trespass, which is a misdemeanor offense under O.C.G.A. § 16-7-21, in violation of the condition prohibiting him from committing another federal, state, or local crime. Id., doc. no. 199, p. 3.

Even if there was no evidence to support a finding of criminal trespass, Petitioner is not entitled to relief in light of the undisputed findings he violated ten other supervised release conditions. "Where the district court's decision to revoke a defendant's supervised release is adequately supported by one alleged violation, any possible error in the consideration of other allegations is harmless." Deloatch, 649 F. App'x at 859. Indeed, the Court found Petitioner committed nine other Grade C violations. For a grade C violation, "the court may either revoke [Petitioner's] supervised release, or extend the term of, or modify the conditions of, supervised release." Deloatch, 649 F. App'x at 860.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 7th day of January, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA